**Penny KISTLER, an individual, Plaintiff–Appellee,**

v.

**FINANCIAL AMERICAN GROUP LONG TERM DISABILITY PLAN, Defendant–Appellant.**

**Penny KISTLER, an individual, Plaintiff–Appellant,**

v.

**FINANCIAL AMERICAN GROUP LONG TERM DISABILITY PLAN, Defendant–Appellee.**

No. 00–55694, 00–55775, 00–55956.

D.C. No. SA–CV–98–1074–DOC (EEx).

United States Court of Appeals, Ninth Circuit.

July 30, 2002.

Before FERNANDEZ and RAWLINSON, Circuit Judges. REED, District Judge.

ORDER AMENDING MEMORANDUM DISPOSITION AND DENYING PETITIONS FOR REHEARING AND REHEARING EN BANC

This court's memorandum disposition filed on May 15, 2002, is amended as follows: Delete page 3 line 7 through page 4 line 2 and replace it with the following language: "When MetLife made its determination about Kistler's appeal it had information that indicated Kistler had Hashimoto's Thyroiditis. MetLife did not evaluate this information when it considered Kistler's claim. MetLife breached its fiduciary duties when it failed to consider the evidence about Hashimoto's Thyroiditis." *See e.g. Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 689 (7th Cir. 1992) (stating that one of the requirements is having the "decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision"); *Sage v. Automation Inc. Pension Plan & Trust*, 845 F.2d 885, 893–94 (10th Cir.1988) (same); *Grossmuller v. International Union*, 715 F.2d 853, 858 n. 5 (3rd Cir.1983) (same).

With this amendment, the panel has unanimously voted to deny the petition for rehearing. The petition for rehearing en banc was circulated to the judges of the court, and no judge requested a vote for en banc consideration. The petition for rehearing and the petition for rehearing en banc are DENIED.